337 So.2d 923 (1976)
Mrs. Donitelle MARCEAUX, Plaintiff-Appellee,
v.
V. F. W. POST 2130, Defendant-Appellant.
No. 5638.
Court of Appeal of Louisiana, Third Circuit.
September 29, 1976.
*924 Larry Roach, Lake Charles, for defendant-appellant.
Jack Rogers, Lake Charles, for plaintiff-appellee.
Before MILLER, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
Defendant, V.F.W. Post 2130, operates a bingo game licensed by the Calcasieu Parish Police Jury under the provisions of LSA-R.S. 33:4861.1, et seq. Plaintiff, Mrs. Donitelle Marceaux, won a jackpot of $2325, which the V.F.W. refused to pay because the card on which she won was not registered.[1] The trial court gave Mrs. Marceaux judgment for $2325. The V.F.W. has appealed, alleging that the trial court erred in holding Mrs. Marceaux entitled to recover in spite of the fact that her card was not registered.
The issue is whether there is manifest error in the trial court's conclusion that Mrs. Marceaux is entitled to recover the amount of the jackpot.[2]
The trial court's factual conclusions are well supported by the evidence, and are as follows:
Mrs. Marceaux bought and paid for the card on which she won the jackpot and it was not registered due to an error on the part of the V.F.W.'s agent. The V.F.W.'s failure to register the winning card was not due to Mrs. Marceaux's fault. The error consisted of another one of Mrs. Marceaux's cards being registered twice in lieu of the winning card. Since the purpose of the registration was to assure that the cards were paid for and since Mrs. Marceaux in fact paid for the winning card, the lack of registration did not affect Mrs. Marceaux's right to recover.
Both parties to the appeal concede that there is no jurisprudence which is applicable. We conclude the matter must be decided *925 on the basis of the equity defined in LSA-C.C. art. 1965:
"Art. 1965. The equity intended by this rule is founded in the christian principle not to do unto others that which we would not wish others should do unto us; and on the moral maxim of the law that no one ought to enrich himself at the expense of another. When the law of the land, and that which the parties have made for themselves by their contract, are silent, courts must apply these principles to determine what ought to be incidents to a contract, which are required by equity."
The V.F.W. Post profits by the bingo games which it conducts. Members of the public are induced to participate by the prospect of winning. There would be an unjust enrichment if the V.F.W. collected money for the bingo cards and failed to pay the winners. While the registration rule appears reasonable, the V.F.W. cannot raise lack of registration of a winning card when the lack of registration resulted not from the fault of the player but the fault of the V.F.W.'s agent, and when there is no question that the player actually paid for the card. The trial court correctly allowed recovery by Mrs. Marceaux.
For the foregoing reasons, the judgment of the trial court herein is affirmed. All costs of this appeal are assessed to defendant-appellant, V.F.W. Post 2130.
AFFIRMED.
DOMENGEAUX, J., concurs in the result and assigns brief reasons.
DOMENGEAUX, Judge (concurs in the result).
I do not agree that the non-registration was due to an error of the defendant's agent. Rather it is clear that the failure to register the winning card was due to the fault of Mrs. Marceaux and/or the members of her family who were also players at the games. Nevertheless, the winning card was paid for, hence the main and really only significant purpose of the V.F.W.'s registration rule was satisfied.
I respectfully suggest that it is not necessary to resort to equity in order to affirm.
NOTES
[1] Registration is a procedure whereby a notation is made by one of the persons conducting the bingo game of the serial numbers of cards which have been purchased. When a person wins on a certain card the list is checked to determine whether that card had been registered.
[2] The constitutionality of LSA-R.S. 33:4861.1, et seq., has not been raised (cf. LSA-Const. 1974, Art. 12 § 6) nor has Mrs. Marceaux's cause of action been challenged on the basis of LSA-C.C. art. 2983, which provides:

"Art. 2983. The law grants no action for the payment of what has been won at gaming or by a bet, except for games tending to promote skill in the use of arms, such as the exercise of the gun and foot, horse and chariot racing.
And as to such games, the judge may reject the demand, when the sum appears to him excessive."
Statutes are presumed to be constitutional. Jordan v. LeBlanc and Broussard Ford, Inc., 332 So.2d 534 (La.App. 3 Cir. 1976).
Therefore, we do not consider the issues of (1) constitutionality and (2) cause of action to enforce a gaming debt.